IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HILFIKER SQUARE, LLC, an Oregon
limited liability company,

    Plaintiff,

v.

THRIFTY PAYLESS, INC., a
California corporation,

    Defendant.

Case No. 6:16-cv-01885-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Hilfiker Square, LLC ("Hilfiker") brings this breach of contract action against defendant Thrifty Payless, Inc. ("Thrifty"). Plaintiff alleges that defendant's refusal to reasonably and in good faith negotiate a modification to their underlying agreement violates Oregon law. Defendant moves to dismiss plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Because plaintiff has set forth facts in the complaint that plausibly support the claim that defendant breached their duty of good faith and fair dealing by unreasonably refusing to negotiate a modification, the Motion to Dismiss is denied.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff is an Oregon limited liability company that owns a parcel of land ("Parcel 1") in Hilfiker Shopping Center in Salem, Oregon. Compl. ¶¶ 1, 3. Defendant is a California corporation that owns and operates a retail store ("Parcel 2") located within the same shopping center. *Id.* at ¶ 2. The remainder of Hilfiker Shopping Center is owned by Hilfiker Station, LLC, and consists of several retail stores. *Id.* at ¶ 3.

Hilfiker Shopping Center is subject to a recorded Declaration of Restrictions and Grant of Easements ("Declaration"). *Id.* at ¶ 3. The Declaration, amongst other things, restricts where buildings may be constructed. Compl. Ex. 1, §§ 1.1(a)-(b), 2.1, 2.2. Specifically, buildings may not be erected within any of the "Common Areas," which are to be used exclusively for "vehicular driving, parking (except that there shall be no double deck parking), pedestrian traffic, directional signs, sidewalks, walkways, and landscaping." *Id.* The Declaration also includes a general "Modification Provision" that permits amendment under the following circumstances:

> This Declaration may not be modified in any respect whatsoever or rescinded, in whole or in part, except with the consent of the Prime Lessees and the owners of the Parcels containing ninety percent (90%) of the total square footage of existing buildings in the Shopping Center at the time of such modification or rescission, and then only by written instrument duly executed and acknowledged by all of the required owners and Prime Lessees, duly recorded in the office of the Recorder of Marion County, Oregon.

*Id.* at § 6.5.

On September 1, 2010, the City of Salem approved the development of a portion of Parcel 1's Common Area ("Proposed Building Area"). Compl. ¶ 5. Plaintiff "had signed a letter of intent from a national fast food restaurant franchisee for a long-term ground lease if [the Proposed Building Area] could be developed as allowed by the City." *Id.* at ¶ 6. Accordingly, in 2011, plaintiff began working with all relevant parties to obtain approval to modify the

2 – OPINION AND ORDER

Declaration to allow for the proposed development. *Id.* at ¶¶ 7-8. All parties subject to the Declaration, except for defendant, are willing to modify the Declaration to permit construction within the Proposed Building Area. *Id.* at ¶ 8.

In April 2016, defendant raised three specific objections relating to the prospective development – *i.e.*, parking utilization, driveway operations, and visibility. Compl. Ex. 3. Plaintiff obtained specialists (namely, a third-party engineering firm and a third-party architectural firm) to analyze and address defendant's concerns. Compl. ¶¶ 10-11. Each specialist concluded that development of the Proposed Building Area would not materially impact defendant's parking utilization, driveway operations, or visibility. Compl. Exs. 4-5.

Notwithstanding these reports, which were furnished to defendant, "and years of efforts by Hilfiker to adequately address any reasonable concerns Thrifty has expressed, Thrifty has . . . unreasonably refused to agree to modify the Declaration to permit the development." Compl. ¶ 12. Plaintiff alleges further that defendant breached the implied covenant of good faith and fair dealing by "depriving Hilfiker of the benefits of the Declaration, consistent with its reasonable contractual expectations." *Id.* According to plaintiff, defendant's actions have caused $1,600,000 worth of damages, which corresponds to the amount the Proposed Building Area would be worth if developed as projected. *Id.* at ¶¶ 13-14.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct.

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Although Fed. R. Civ. P. 12(b)(6) generally does not permit the court to look beyond the pleadings, the court may consider material attached to the complaint when evaluating a motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

## DISCUSSION

Defendant argues that dismissal is warranted for two reasons. First, Thrifty asserts that Hilfiker's claim fails because "[t]here is no allegation that the 90 percent threshold and written agreement to modification have been met" consistent with Section 6.5. Def.'s Mot. to Dismiss 3. Second, defendant contends that plaintiff's claim is contravened by the express terms of the Declaration, which grants Thrifty the "absolute right to prevent [Hilfiker from] building a restaurant in the shopping center." *Id.* at 4-5.

In Oregon, "[t]he law imposes a duty of good faith and fair dealing in the performance and enforcement of every contract." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or. 599, 615, 892 P.2d 683 (1995) (citations omitted). The purpose of this duty "is to prohibit improper behavior [and] ensure that the parties will refrain from any act that would have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Klamath Off-Project Water Users, Inc. v. Pacificorp*, 237 Or.App. 434, 445, 240 P.3d 94 (2010), *rev. denied*, 349 Or. 602, 249 P.3d 123 (2011) (citation and internal quotations omitted). The good faith doctrine is

therefore designed to "effectuate the reasonable contractual expectations of the parties." *Best v. U.S. Nat'l Bank of Or.*, 303 Or. 557, 563, 739 P.2d 554 (1987). However, "[t]he obligation of good faith does not vary the substantive terms of the bargain . . . nor does it provide a remedy for an unpleasantly motivated act that is expressly permitted by contract." *U.S. Nat'l Bank of Or. v. Boge*, 311 Or. 550, 567, 814 P.2d 1082 (1991). As a result, a duty of good faith and fair dealing "may be implied as to a disputed issue only if the parties have not agreed to an express term that governs that issue." *Or. Univ. Sys. v. Or. Pub. Emps. Union, Local 503*, 185 Or.App. 506, 511, 60 P.3d 567 (2002).

As a preliminary matter, courts within Oregon have reached varied results concerning the exercise of discretion in this context. *Compare Pac. First Bank v. New Morgan Park Corp.*, 319 Or. 342, 354, 876 P.2d 761 (1994)[1] (when a term expressly provides for a unilateral exercise of discretion, the duty of good faith cannot circumscribe that discretion), *with Wells Fargo Bank, N.A. v. The Ash Org.*, 2010 WL 2681675, *7-8 (D. Or. July 2, 2010) ("a lender must exercise its [sole and absolute] discretion reasonably unless a specific provision states . . . 'the lender may unreasonably withhold consent'") (citing *Sustina Ltd. v. Pac. First Fed.*, 118 Or.App. 126, 129, 846 P.2d 438 (1993); *Best*, 303 Or. at 562-66); *see also Arnett v. Bank of Am., N.A.*, 874 F.Supp.2d 1021, 1033-35 (D. Or. 2012) (summarizing the "substantial evolution" of Oregon's

---

[1] Although its ultimate conclusion is somewhat to the contrary, *Pacific* nonetheless reaffirmed that, unless other terms indicate a contrary expectation, the implied covenant of good faith and fair dealing dictates that one party may not unreasonably withhold its consent. *Pac. First Bank*, 319 Or. at 353; *see also id.* at 361-64 (Unis, J., dissenting) (noting the inherent contradiction between the majority's conclusion "that [a general consent provision], by implication, requires [that] 'consent shall not be unreasonably withheld'" and it's holding that "the objectively reasonable contractual expectations of the parties in this case are met even if [consent was] arbitrarily withheld"). Perhaps as a result, *Pacific* has not been widely followed as to this issue. *See Gregory Funding, LLC v. Saksoft, Inc.*, 2016 WL 4480693, *3 (D. Or. Aug. 24, 2016) (observing that the Oregon Court of Appeals "continued to develop [the good faith and fair dealing] doctrine" post-*Pacific* and has resolved that "the reasonable expectations of the parties to a contract may include evidence from outside the terms of the contract and generally present a question of fact") (collecting cases). In any event, defendant maintains, without analysis or support, that *Pacific* "is not relevant to this motion." Def.'s Mot. to Dismiss 6-7.

implied duty of good faith and fair dealing law) (citations omitted). Because the parties neither acknowledge nor attempt to resolve this tension in Oregon law, dismissal at this stage in the proceedings is inappropriate, especially because a determination regarding the parties' objectively reasonable expectations generally involves a question of fact. *See Arnett*, 874 F.Supp.2d at 1033-35 (denying the defendant's motion to dismiss under analogous circumstances).

Turning to defendant's first assertion, plaintiff expressly alleges that every other party to the Declaration, except for defendant, has consented to the proposed amendment. Compl. ¶ 8. As defendant acknowledges, Thrifty and Hilfiker are "the only parties to the Declaration," and the "remainder of the shopping center (in other words . . . not Parcel 1 or Parcel 2) are owned by Hilfiker." Def.'s Mot. to Dismiss 3. Thus, to the extent the 90 percent threshold and written amendment are lacking, it is precisely because of defendant's allegedly wrongful actions. *See, e.g.*, Compl. ¶¶ 7-14. In other words, according to plaintiff, Thrifty's breach of the implied warranty of good faith and fair dealing is the only thing preventing Hilfiker from complying with Section 6.5 and effectuating a modification of the Declaration. As such, defendant's first argument is unpersuasive.

Concerning defendant's second contention, Thrifty is correct that the Declaration unambiguously grants it the right to deny a proposed modification.[2] At issue here, however, is the manner in which that right may be exercised. As to this point, the Declaration is silent. Because there is no express contractual term to the contrary, defendant was required to act in

---

[2] Defendant's arguments are premised on a certain outcome – *i.e.*, that "the implied covenant to deal fairly and in good faith does not require a party to a contract to agree to modify the express terms of the contract." *See, e.g.*, Def.'s Reply to Mot. to Dismiss 2, 4, 6. Yet, as discussed herein, the question is not whether Thrifty accepts or rejects the proposed modification. Rather, the dispositive inquiry is whether, in exercising its discretion in relation to the proposed modification, Thrifty's actions are consistent with the parties' objectively reasonable expectations.

6 – OPINION AND ORDER

good faith and deal fairly when exercising its discretion under Section 6.5. Therefore, the key question becomes whether there are facts in the complaint about the proposed modification that grounded Thrifty's response in the reasonable expectations of the parties. *See Tolbert v. First Nat'l Bank of Or.*, 312 Or. 485, 493-95, 823 P.2d 965 (1991).

Plaintiff recognizes that the complaint does not "explicitly allege its reasonable contractual expectations and how Defendant has violated those expectations by its arbitrary and unreasonable refusal to consent to modifying the declaration." Pl.'s Resp. to Mot. Dismiss 6 n. 1. Regardless, the Declaration itself provides some guidance. *Arnett*, 874 F.Supp.2d at 1033-35 (citations omitted). The only explicitly stated purpose of the Declaration is to facilitate commercial activities "for the mutual benefit of all real property in the Shopping Center." Compl. Ex. 1, § 1.3. Via Section 6.5, the Declaration provides a mechanism through which its terms, including the preclusion relating to construction in Common Areas, can be changed. Finally, as discussed above, Oregon law requires that consent not be unreasonably withheld absent an express contractual term to the contrary.

Accordingly, at a minimum, it was objectively reasonable for Hilfiker to expect Thrifty to negotiate, reasonably and in good faith, concerning any proposed amendment that is potentially beneficial to Hilfiker Shopping Center generally, and not materially adverse to Thrifty's specific financial and/or business interests.[3] *See Best*, 303 Or. at 563 (a party acts in bad faith by exercising its discretion "for purposes not contemplated" by the parties to the contract). This is essentially what plaintiff has alleged. *See, e.g.*, Compl. ¶¶ 4-14. In sum, Hilfiker sufficiently stated a plausible claim for breach of the implied duty of good faith and fair dealing.

---

[3] While not pertinent at this stage in the proceedings, plaintiff's opposition suggests that defendant had an affirmatively improper motive in rejecting the proposed amendment. *See* Pl.'s Resp. to Mot. Dismiss 6 ("[t]estimony at trial will establish that, after [plaintiff] refused to pay excessive monetary demands from Defendant, Defendant's representatives stated to [plaintiff] that 'hell would freeze over' before Defendant would agree to the modification").

## CONCLUSION

Defendant's motion to dismiss (ECF No. 5) is DENIED, as is defendant's request for attorney fees. In addition, defendant's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

DATED this 29 day of November 2016.

                                  Michael J. McShane
                                  United States District Judge

8 – OPINION AND ORDER